FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 01, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATASHA NEUHARDT ORDONEZ,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, KIKA SCOTT, SUSAN DIBBINS, and KENNETH D. BAWDEN JR.,<br><br>Defendants. | No. 2:24-CV-344-MKD<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>**ECF No. 14** |

Before the Court is Defendants' Motion to Dismiss. ECF No. 14. Tamara Murray, Destiny Soto, and Héctor Quiroga represent Plaintiff. Shelby Wade represents Defendants. The Court has reviewed the record and is fully informed. For the reasons set forth below, the Court grants the motion.

### BACKGROUND

Plaintiff was born in January 1973, in Bogota, Colombia. ECF No. 1 at 4 ¶ 9. On May 23, 1973, she was adopted by Edward Neuhardt, a United States citizen who is now deceased. *Id.* On July 10, 1975, Plaintiff entered the United States

ORDER - 1

1  with her father under a IR2 visa. *Id.* at 4 ¶ 10. She also entered the United States
2  with her family, on a reentry permit, in 1979, 1981, 1983, 1985, 1987, 1989, and in
3  1991, staying each time for about two weeks. *Id.* at 5 ¶ 11.

4      Plaintiff's father petitioned for her naturalization on both August 11, 1975,
5  and June 23, 1983, but Plaintiff failed to appear for the required examination,
6  which was scheduled three times in 1975 and three times in 1983. *Id.* at ¶ 12; ECF
7  No. 14-1 at 3. Plaintiff never completed the naturalization process. ECF No. 1 at
8  5 ¶ 12.

9      On May 9, 2020, Plaintiff filed a Form N-600, Application for Certificate of
10 Citizenship, claiming her citizenship was derived under the former Immigration
11 and Nationality Act. ECF No. 1 at 10 ¶ 28. On January 8, 2024, USCIS denied
12 Plaintiff's N-600, stating that Plaintiff did not derive automatic citizenship but
13 must go through the naturalization process. *Id.* at ¶ 29; ECF No. 14-1 at 3. On
14 May 9, 2024, the USCIS Administrative Appeals Office denied Plaintiff's appeal
15 and upheld USCIS's denial. ECF No. 1 at 10 ¶ 30; ECF No. 14-2 at 3-6.

16     On October 7, 2024, Plaintiff filed the instant Complaint. ECF No. 1.
17 Plaintiff claims that she met the criteria required by the former Immigration and
18 Nationality Act to derive automatic citizenship; challenges the USCIS denial of her
19 Form N-600; and seeks *de novo* review and declaratory relief that she is a United
20 States citizen. *Id.* at 11-12 ¶¶ 33-34. She asserts three claims for relief: a claim for

ORDER - 2

declaratory relief under 8 U.S.C. § 1503(b); a claim for judicial review under the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A); and a due process claim under the Fifth Amendment. *Id.* at 10-14 ¶¶ 32-49. Defendants moved to dismiss Plaintiff's Complaint on March 31, 2025. ECF No. 14.

## LEGAL STANDARD

"A [Fed. R. Civ. P. 12(b)(1)] jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The reviewing court is to accept the allegations as true and draw all reasonable inferences in the plaintiff's favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). For a factual attack, the movant challenges the veracity of the allegations. *Safe Air for Everyone*, 373 F.3d at 1039. "[T]he district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* The reviewing court is not required to accept the allegations as true. *Id.*

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the

ORDER - 3

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly,* 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## DISCUSSION

Defendants move to dismiss Plaintiff's Complaint under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because the Court agrees that it lacks jurisdiction over Plaintiff's claims, it need not address whether Plaintiff sufficiently stated claims for which relief could be granted.

*1. Declaratory Relief and APA Claims*

The Court lacks jurisdiction over Plaintiff's declaratory relief and APA claims because, respectively, 8 U.S.C. § 1503(b) does not confer the Court with jurisdiction and Plaintiff has an "adequate remedy" available, *see* 5 U.S.C. § 704. As detailed below, because Plaintiff has not followed the procedures required to enable judicial review under 8 U.S.C. § 1503, Plaintiff's invocation of 8 U.S.C. §

ORDER - 4

1503(b) and the APA is insufficient to confer the Court with subject matter jurisdiction over her claims.

Section 1503 sets forth the procedures an individual located outside of the United States must follow to pursue a claim of citizenship and to seek judicial review, if necessary and applicable. Section 1503(b) reads as follows:

> If any person who is not within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may make application to a diplomatic or consular officer of the United States in the foreign country in which he is residing for a certificate of identity for the purpose of traveling to a port of entry in the United States and applying for admission. Upon proof to the satisfaction of such diplomatic or consular officer that such application is made in good faith and has a substantial basis, he shall issue to such person a certificate of identity. From any denial of an application for such certificate the applicant shall be entitled to an appeal to the Secretary of State, who, if he approves the denial, shall state in writing his reasons for his decision.

In turn, section 1503(c) provides that an individual who has received a certificate of identity may "apply for admission to the United States at any port of entry[.]" It also provides that "[a] final determination by the Attorney General that any such person is not entitled to admission to the United Sates shall be subject to review by any court of competent jurisdiction in habeas corpus proceedings and not otherwise." *Id*. Thus, the plain text of the statute unambiguously allows for judicial review under section 1503(c) *only if* the requirements of section 1503(b)

ORDER - 5

are met.  Plaintiff's contrary argument that section 1503(b) permits an individual to *either* make an application to a diplomatic or consular officer *or* to pursue judicial review without such an application, *see* ECF No. 16 at 3, is not supported by the plain text of the statute.  *See Nat'l Assn. of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 666 (2014) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.") (quotation and citation omitted); *Lopez v. Garland*, 116 F.4th 1032, 1043 (9th Cir. 2024) ("We begin, as always, with the plain language of the statute.") (citing *Cheneau v. Garland*, 997 F.3d 916, 920 (9th Cir. 2021) (en banc)).

The plain language of 8 U.S.C. §§ 1503(b) - (c) requires that an individual claiming a right of citizenship from outside the United States receive a certificate of identity from a diplomatic or consular officer and then apply for admission to the United States at a point of entry.  *See* 8 U.S.C § 1503(b).  Only after a denial of admission can an individual pursue judicial review through a habeas corpus proceeding.  *Id.* § 1503(c).  Even if Plaintiff exhausted these required procedures—and she does not assert she has—her judicial remedy will be a habeas corpus proceeding.  *Id.*  Section 1503 does not create an action for judicial review of an agency.  The Court thus lacks jurisdiction over Plaintiff's 8 U.S.C § 1503(b) claim.

ORDER - 6

The Court also lacks jurisdiction over Plaintiff's APA claim. The APA prescribes conditions required before a court can "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law [.]" 5 U.S.C. § 706(2)(A). To be subject to this judicial review, there must be "final agency action for which there is *no other adequate remedy in a court*[.]" 5 U.S.C. § 704 (emphasis added). Claims for review under the APA are precluded where there is an adequate alternative remedy. *See Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (Section 704 of the APA "does not provide additional judicial remedies where the Congress has provided special and adequate procedures."). As discussed above, 8 U.S.C §§ 1503(b)-(c) provide an "adequate remedy in a court" and Plaintiff has not exhausted this remedy by following the procedures required by the statute. Therefore, the Court lacks jurisdiction to review her claim.

      *2. Due Process Claim*

Plaintiff claims Defendants' denial of her Form N-600 violated her "constitutional rights to due process" by "adding additional cumbersome procedures on [Plaintiff] who has long back acquired her United States citizenship." ECF No. 1 at 14 ¶ 48. Defendants maintain the Court lacks jurisdiction over Plaintiff's Fifth Amendment claim because "she has not demonstrated a right to assert that claim." ECF No. 14 at 12.

ORDER - 7

"[I]t is long settled as a matter of American constitutional law that foreign citizens outside U.S. territory do not possess rights under the U.S. Constitution." *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020). Plaintiff is not a citizen of the United States: this action seeks a declaration that she is a "United States national and thus entitled to a Certificate of Citizenship." ECF No. 1 at 12 ¶ 35. Further, Plaintiff resides outside of the United States. *Id.* at 3 ¶ 4. As Defendants correctly argue, "Plaintiff does not assert any past or present substantial connections with the United States, apart from several short-term visits." ECF No. 14 at 13; *see Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 997 (9th Cir. 2012) (holding that a non-citizen abroad who established "significant voluntary connection" with the United States "has the right to assert" Constitutional claims). Plaintiff therefore is unable to assert a Fifth Amendment claim.

## CONCLUSION

For the reasons stated above, the Court grants Defendants' Motion to Dismiss and dismisses Plaintiff's Complaint in its entirety.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, **ECF No. 14**, is **GRANTED**.

2. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED** without prejudice.

ORDER - 8

The District Court Executive is directed to file this Order, **enter judgment** for Defendants, provide copies to counsel, and **CLOSE THE FILE**.

DATED August 1, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 9